UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-265-RJC

| | | |
|---|---|---|
| WILLIAM ANDREW LITTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SID HARKLEROAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's motion for preliminary injunction, (Doc. No. 12), motion for subpoena for medical records from Marion/McDowell Hospital, (Doc. No. 13), motion for subpoena for medical records from Catawba County Hospital, (Doc. No. 14), and motion to appoint counsel, (Doc. No. 15).

**I.    DISCUSSION**

    A.    <u>Motion for Preliminary Injunction</u>

In support of his motion for preliminary injunction, (Doc. No. 12), Plaintiff states that he needs his "court documents in preparing for his case." (<u>Id.</u>). Plaintiff requests that the Court order Central Prison, where Plaintiff is currently incarcerated, to return his personal property, which includes his court documents, legal mail, Bible, and other materials. Plaintiff has also attached several statements by other inmates who wish to have their personal property returned.

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008)). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." <u>Amoco</u>

Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citing Munaf, 553 U.S. at 689-90; Amoco, 480 U.S. at 542; Weinberger v. Romero–Barcelo, 456 U.S. 305, 311-12 (1982)).

Plaintiff fails to show that he is entitled to a preliminary injunction. Plaintiff has not shown that he is likely to succeed on the merits of his deliberate indifference claim, that the balance of equities tips in his favor, or that an injunction is in the public interest. Furthermore, and most significantly, he does not articulate how failure to return his personal property at Central Prison will irreparably harm him in this action. Indeed, the alleged deliberate indifference to serious medical needs occurred at another facility–Marion Correctional Institution. Plaintiff does not attribute the removal of his personal property to any action by or on behalf of any of the named Defendants, nor does he allege any facts against any named Defendant, other than requesting to have the injunction placed in Defendant Lewis' name. Accordingly, Plaintiff has not demonstrated a need for the preliminary injunction in this case, and the Court will deny his motion.[1]

B.  Discovery Motions

Next, with regard to Plaintiff's motions for subpoena for medical records from Marion/McDowell Hospital, (Doc. No. 13), and for medical records from Catawba County

---

[1] Defendants also demonstrate that Plaintiff's items were removed from his cell pursuant to prison policy.

Hospital, (Doc. No. 14), the motions will be denied at this time, as the time for discovery has not commenced.

    C.    Motion for Appointment of Counsel

Finally, with regard to Plaintiff's motion for appointment of counsel, the motion will be denied for the same reason that the Court denied Plaintiff's previous motion for appointment of counsel. See (Doc. No. 5).

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion for preliminary injunction, (Doc. No. 12), is **DENIED**;

2. Plaintiff's motion for subpoena for medical records from Marion/McDowell Hospital, (Doc. No. 13), is **DENIED**;

3. Plaintiff's motion for subpoena for medical records from Catawba County Hospital, (Doc. No. 14), is **DENIED**; and

4. Plaintiff's motion to appoint counsel, (Doc. No. 15), is **DENIED**.

Signed: March 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge