**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-265-RJC**

| | | |
|---|---|---|
| WILLIAM ANDREW LITTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SID HARKLEROAD et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, (Doc. No. 19), by Defendants Sid Harkleroad, Robert C. Lewis, and Randy Teague (hereinafter "Defendants"). On April 26, 2012, the Court entered an Order advising Plaintiff of Defendants' Motion to Dismiss and directing that he file a response within 14 days. (Doc. No. 26). Within the time allowed, Plaintiff filed a response. See (Doc. No. 28).

**I.  BACKGROUND**

Plaintiff, an inmate in the custody of the State of North Carolina, filed a Complaint on October 12, 2011 against Defendants Sid Harkleroad, Randy Teague, and Robert C. Lewis pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that his constitutional rights were violated while he was incarcerated at the Marion Correctional Center in Marion, North Carolina. Defendant Sid Harkleroad is identified in the Complaint as the Superintendent of Marion Correctional Center; Defendant Randy Teague is identified as the Assistant Superintendent; and Defendant Robert C.

---

[1] Plaintiff additionally named Raleigh Correctional Institution Warden George Branker as a Defendant, but the Court dismissed him because no facts were alleged against him. (Doc. No. 5).

Lewis is identified as the Director of Prisons for the North Carolina Department of Correction.[2] Construing the Complaint liberally, Plaintiff purports to bring claims against Defendants for deliberate indifference to serious medical needs and cruel and unusual punishment, both in violation of his Eighth Amendment rights. First, Plaintiff alleges that he was injured while receiving medical treatment at the Marion Correctional Center. Plaintiff also contends that prison staff has been feeding him "spicy" foods, which aggravate Plaintiff's digestive condition and cause pain and rectal bleeding. (Doc. No. 1 at 3). Second, Plaintiff contends that, while on lockdown, he was served more than one meal containing peanut butter, despite an allergy that the prison knew about. Plaintiff alleges that on one date he ate the sandwich, had an allergic reaction, and was hospitalized. (Id. at 3). Plaintiff alleges that the day after his treatment, prison staff again served him peanut butter in an attempt to kill him. (Id. at 7, 28).

Plaintiff further alleges that on or about December 4, 2010, he suffered a swollen foot and leg. (Id. at 3). Prison staff administered a "test" to Plaintiff, the results of which were normal, and administered him "some meds." (Id.). Plaintiff alleges that his leg still hurts because prison staff failed to treat the underlying cause of his condition, which is a back problem. (Id.). Plaintiff alleges that an outside physician performed an MRI on his back and told Plaintiff that he needs surgery. (Id.). According to Plaintiff, his nerve is "almost cut completely off" and if he does not have surgery soon, he will lose all feeling in his right leg. (Id.).

On or about December 19, 2010, Plaintiff suffered swelling in his hand. Prison staff gave

---

[2] As of January 1, 2012, the North Carolina Department of Correction was consolidated into the North Carolina Department of Public Safety as the Division of Adult Correction. See N.C. GEN. STAT. § 143B-701 (2011).

him non-aspirin but did not offer any other medical treatment. (Id.). The next day the swelling in Plaintiff's hand increased and he experienced muscle spasms, which caused him to tear a muscle in his left arm. (Id.). Plaintiff reports that a doctor at Catawba County Hospital told him he was "left too long" before he got any medical treatment. (Id.). Plaintiff also alleges that Defendant Randy Teague retaliated against him for filing grievances against Teague. (Id. at 13). Plaintiff specifically alleges that Defendant Teague "willfully [left] off what the doctor says to be my diet." (Id.).

In the Complaint, Plaintiff seeks compensatory and punitive damages, as well as a preliminary and permanent injunction against Defendants.[3] In support of his claims, Plaintiff attached a copy of his Trust Fund Account Statement, showing a number of deductions to Plaintiff's account between January and September of 2011 for medical and dental costs. (Doc. No. 1-1 at 3).

## II.  LEGAL STANDARD

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the plaintiff. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." (Id.). A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to

---

[3] On March 12, 2012, this Court denied Plaintiff's motion for a preliminary injunction. (Doc. No. 17).

relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## III. DISCUSSION

Plaintiff purports to bring claims against Defendants for deliberate indifference to serious medical needs and cruel and unusual punishment, both in violation of his Eighth Amendment rights. Plaintiff alleges that he was fed a diet that was not approved by his doctor, which caused serious medical problems. Plaintiff further alleges that Defendants were then deliberately indifferent to his serious medical problems. To state a cause of action under Section 1983 for an Eighth Amendment violation, Plaintiff must allege deliberate indifference to a serious medical need, constituting unnecessary and wanton infliction of pain proscribed by such amendment. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim, see Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978), as long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294, 303-05 (1991).

### A. Supervisory Liability

Defendants first contend that this action should be dismissed because Plaintiff has not sufficiently alleged supervisory liability by any of the Defendants. Defendant Sid Harkleroad is identified in the Complaint as the Superintendent of Marion Correctional Center; Defendant Randy Teague is identified as the Assistant Superintendent; and Defendant Robert C. Lewis is identified as the Director of Prisons for the North Carolina Department of Correction.[4] To bring

---

[4] As of January 1, 2012, the North Carolina Department of Correction was consolidated into the North Carolina Department of Public Safety as the Division of Adult Correction. See

a claim of supervisory liability against Defendants Lewis, Harkleroad, and Teague, Plaintiff must establish three elements: (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Randall v. Prince George's County, 302 F.3d 188, 206 (4th Cir. 2002) (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Under the first prong, the subordinate's conduct must be "pervasive," meaning that it is "widespread, or at least has been used on several different occasions." Id. To prove deliberate indifference under the second prong, a plaintiff "ordinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . ." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Furthermore, "[i]n order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." Wright, 766 F.2d at 850 (emphasis added). Thus, for this Plaintiff to sufficiently allege a claim under 42 U.S.C. §1983 against Defendants Lewis, Harkleroad, and Teague, he must allege that these Defendants were personally involved in the alleged constitutional violations.

The Court finds that dismissal is appropriate as to Defendants Harkleroad and Lewis because Plaintiff does not allege any personal involvement by these two Defendants that would

---

N.C. GEN. STAT. § 143B-701 (2011).

entitle him to relief under a theory of supervisory liability. As to Defendant Teague, however, Plaintiff alleges:

> I wrote Mr. Randy Teague up on two grievances form about how he willful [sic] leaves off what the doctor says to be my diet. That I had no spices at two other camps. He said they are all the same state wide. He is a liar. I never got food (peanut butter that I'm allergic too [sic]. Here hospitalize due to that, he is jeopardizing my life.

(Doc. No. 1 at 13). The Court finds that these allegations are sufficient to withstand the motion to dismiss with respect to Defendant Teague, as Plaintiff clearly alleges that Teague acted personally in the deprivation of Plaintiff's rights.

### B.     Claims Against Defendant Teague

Defendants contend that Plaintiff fails to state a claim for cruel and unusual punishment or a claim for deliberate indifference to a serious medical need. For the following reasons, the Court does not agree. Plaintiff alleges that the spicy food served to him caused rectal bleeding, and he further appears to allege that he suffers from diverticulitis or diverticulosis, as a result of the diet that the prison officials fed him and that Defendant Teague "willfully [left] off what the doctor says to be my diet." (Doc. No. 1 at 2; 3; 8; 13; 15). Plaintiff further alleges that he has submitted blood stool testing and other evidence of rectal bleeding as a result of the diet he was fed, and that Defendant Teague knew about his problems, but that "nothing has been done." (Id.). Reading the Complaint in a light most favorable to him and taking the allegations as true, the Court finds that Plaintiff has sufficiently stated a claim for a violation of his Eighth Amendment rights based on his allegations that the food he was served at the prison caused serious medical problems and that Defendant Teague was deliberately indifferent to these serious medical problems. Plaintiff has also sufficiently stated a claim for deliberate

indifference to a serious medical need with regard to his foot, arm, and back problems.[5]

In support of the motion to dismiss, Defendants contend that "[p]laintiff believes that he suffers from a peanut allergy, rectal bleeding, and back problems[;] however he has not come forward with <u>any evidence</u> that any of his alleged medical conditions actually exist." (Doc. No. 20 at 6) (emphasis added). Defendants further contend that "Plaintiff has not <u>shown</u> an actual medical diagnosis for any of the various conditions from which he claims to suffer nor has he <u>shown any evidence</u> contradicting his treatment by prison staff." (<u>Id.</u> at 7). Defendants misstate the standard of review on a motion to dismiss. To withstand a motion to dismiss, Plaintiff is not required to come forward with <u>any</u> evidence at all. It is sufficient for a plaintiff to merely allege that he suffers from various medical conditions as long as the factual allegations show that Plaintiff is plausibly entitled to relief. <u>See</u> <u>Francis v. Giacomelli</u>, 588 F.3d at 193. Furthermore, it is well settled that a complaint drafted by a pro se plaintiff is to be construed liberally. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

With respect to Plaintiff's claim of deliberate indifference to serious medical needs relating to his foot, arm, and back, it is true that his mere disagreement with the prison doctor's diagnoses and prescribed courses of treatment simply cannot amount to deliberate indifference to a serious medical need. <u>See</u> <u>Stokes v. Hurdle</u>, 393 F. Supp. 757, 762 (D. Md. 1975), <u>aff'd</u>, 535 F.2d 1250 (4th Cir. 1976). Furthermore, "even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." <u>Id.</u> Nevertheless, and although Plaintiff does use

---

[5] Although Plaintiff expressly alleges that Defendant Teague knew about his medical problems resulting from his spicy diet, it is less clear whether Plaintiff is alleging that Defendant Teague knew about his other, unrelated medical problems, but this issue may be fleshed out at the summary judgment stage.

the word "negligence" in the Complaint, the overall tenor of the Complaint reveals that Plaintiff is alleging more than mere negligence and that he is also claiming more than a mere disagreement with the treating physician.

In sum, for the reasons stated herein, the Court will grant Defendants' Motion to Dismiss as to Defendants Harkleroad and Lewis, but the Court will deny the Motion to Dismiss as to Defendant Teague.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 19), is **GRANTED** in part and **DENIED** in part. That is, Defendants Harkleroad and Lewis are dismissed, but Plaintiff's Eighth Amendment claims against Defendant Teague are sufficient to withstand the motion to dismiss.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge