# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-265-RJC

| | |
|---|---|
| WILLIAM ANDREW LITTLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SID HARKLEROAD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Preliminary Injunction, (Doc. No. 34), and on Plaintiff's Motion to Amend, (Doc. No. 35).

**I.    BACKGROUND**

On October 12, 2011, pro se Plaintiff, a state court inmate currently incarcerated at Lanesboro Correctional Institution, filed this action under 42 U.S.C. § 1983, alleging in general that Defendants Sid Harkleroad, Randy Teague, George Branker, and Robert C. Lewis were deliberately indifferent to his serious medical needs. (Doc. No. 1). The Complaint alleges, in part, that the named Defendants failed to adequately address Plaintiff's medical needs, despite Plaintiff's requests that they do so and despite knowledge regarding his medical condition, which Plaintiff characterizes as attempted murder. (Id. at 4, 13, 15-22). Plaintiff requests monetary damages, including compensatory and punitive damages, and preliminary and permanent injunctive relief. (Id. at 4, 8-9). Plaintiff moved for the appointment of counsel on October 12, 2011. (Doc. No. 2).

Having conducted a frivolity review, on January 12, 2012, the Court dismissed Defendant Branker from this action, denied Plaintiff's motion to appoint counsel, and ordered Defendant

Harkleroad, Lewis, and Teague to respond to Plaintiff's allegations. (Doc. No. 5). On January 27, 2012, Defendants filed a Motion for Extension of Time to respond to Plaintiff's Complaint, (Doc. No. 7), and the Court granted that motion on January 31, 2012, extending Defendants' responsive deadline up to and including March 13, 2012, (Doc. No. 11).

On March 9, 2012, Defendants timely filed their Response in Opposition to Plaintiff's Motion for a Preliminary Injunction and other miscellaneous motions. (Doc. No. 16). On March 12, 2012, this Court denied Plaintiff's motion for a preliminary injunction, motions for subpoenas, and motion to appoint counsel. (Doc. No. 17). Also on March 12, 2012, Defendants Harkleroad, Teague, and Lewis timely filed their joint Motion to Dismiss the Complaint. (Doc. No. 19). On August 7, 2012, this Court partially granted and partially denied Defendants' Motion to Dismiss. (Doc. No. 29). As a result of the Court's Order, the only remaining Defendant in this action is Defendant Teague. (Id.). On August 21, 2012, Defendant Teague timely answered Plaintiff's Complaint. (Doc. No. 30). On May 17, 2013, this Court entered a pretrial order and case management plan. (Doc. No. 32). Finally, on June 3, 2013, Plaintiff filed the pending Motion for Preliminary Injunction, (Doc. No. 34), as well as a Motion to Amend, (Doc. No. 35), to which Defendant Teague has now responded.

## II. DISCUSSION

### A. Plaintiff's Motion for Preliminary Injunction

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."

Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to a preliminary injunction. In support of his motion, Plaintiff states only that he seeks a preliminary injunction against "Lanesboro Correctional Institution and Dr. Hassan Sami to get medical care as [] the doctor here cannot find out what is wrong with my feet." (Doc. No. 35 at 1). Plaintiff also requests that this Court order that Plaintiff be allowed to see a "specialist" so he does not have to "suffer" anymore. (Id.). However, Plaintiff does not speculate as to how his medical condition is otherwise being irreparably harmed during the pendency of the instant action. Indeed, in the motion for preliminary injunction, Plaintiff does not even mention the subject matter of the instant action—an alleged deliberate indifference to serious medical needs which occurred at another facility, Marion Correctional Institution. Nor does Plaintiff demonstrate the probability that he will prevail on the merits of his case in this action. Plaintiff has simply not shown that he is entitled to a preliminary injunction, and his motion will therefore be denied.

B.      <u>Plaintiff's Motion to Amend</u>

Rule 15(a) states that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Thus, a district court may not deny a motion to amend without a justifying reason "such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). With regard to prejudicial amendments, the Fourth Circuit Court of Appeals has stated:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred . . . .
>
> A moment's reflection reveals, however, that the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.

Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (internal quotations and citations omitted).

Plaintiff originally filed this action on October 12, 2011. A case management order and pretrial plan has been entered in this matter, with dispositive motions due on October 15, 2013, and Defendant Teague has answered the allegations made by Plaintiff in his original complaint. Plaintiff now seeks, nearly two years after his initial filing date, to add new claims and parties to this action, and the allegations contained in Plaintiff's motion to amend are completely unrelated to Defendant Teague or the instant action. The addition of new parties would require service on them as well as allowance for enough time to investigate the allegations, answer the allegations, complete discovery, and file dispositive motions with regards to the new allegations. To allow Plaintiff to amend his pleadings and add new claims at this late stage would certainly prejudice Defendant Teague and delay these proceedings. Moreover, under Rule 20 of the Federal Rules of Civil Procedure, when a plaintiff seeks to bring multiple claims against multiple defendants,

4

Plaintiff must demonstrate, first, that the right to relief asserted against the proposed defendants arises from "the same transaction, occurrence, or series of transactions or occurrences," and, second, that a question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20. Here, Plaintiff's proposed additional claims involve additional defendants and arise out of events alleged to have occurred nearly two years after the filing of his initial complaint. In sum, the Court will deny Plaintiff's motion to amend because allowing the amendment would be unduly prejudicial to Defendant Teague and would inordinately delay these proceedings, and because the proposed new claims are not sufficiently related to Plaintiff's original claims as required by Rule 20. See Smith v. Angelone, 111 F.3d 1126, 1133-34 (4th Cir. 1997) (affirming the denial of leave to amend to an inmate petitioner in a habeas petition action as the amendments were "inordinately prejudicial" because the case was set for hearing within two weeks of the motion, and to allow the amendments would require the district court to order more discovery, reschedule the pending hearing, and would cause indefinite delay in the resolution of the case).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend, (Doc. No. 34), and Motion for Preliminary Injunction, (Doc. No. 35), are each **DENIED**.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge