UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv265-RJC

| | | |
|---|---|---|
| WILLIAM ANDREW LITTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SID HARKLEROAD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's two Motions for Subpoena of Medical Records from Marion/McDowell Hospital and Catawba County Hospital, (Doc. Nos. 40; 41), Plaintiff's Motion to Compel Discovery, (Doc. No. 42), Plaintiff's Motion for Declaration of Entry of Default, (Doc. No. 49), and Plaintiff's Motion for Default Judgment, (Doc. No. 51).

Pro se Plaintiff William Littleton is a North Carolina state court inmate currently incarcerated at Lanesboro Correctional Institution. In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that while he was incarcerated at Marion Correctional Facility he was subjected to cruel and unusual punishment and deliberate indifference to serious medical needs, both in violation of his Eighth Amendment rights. Plaintiff's claims have been dismissed as to all Defendants except for Randy Teague, who at all relevant times was the Assistant Superintendent at Marion Correctional. Thus, Teague is the sole remaining Defendant in this action.

First, as to Plaintiff's motions for subpoena of medical records and his motion to compel, the Court notes that on May 17, 2013, the Court entered its Pretrial Order and Case Management

Plan, which expressly stated that the discovery period was to end on September 15, 2013. Plaintiff filed no motions with this Court between the issuance of the Pretrial Order and Case Management Plan and when he filed his two motions for subpoena of medical records. The motions for subpoena of records and the motion to compel were all stamp-filed in this Court on September 24, 2013. Under the prison mailbox rule, a prisoner's filing is deemed filed on the date it is actually delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Plaintiff does not state when he placed the motions in the prison system for mailing, but Plaintiff signed and dated all three motions, and all three motions were dated after the discovery period had already ended, with the earliest date being September 17, 2013. The postmark on the envelopes for all three motions is September 23, 2013. Giving Plaintiff the benefit of the prison mailbox rule, he filed these motions after the discovery period had already ended. Because the time for discovery had ended when Plaintiff filed his motions for subpoena of medical records and his motion to compel, and because Plaintiff had ample time in which to file these motions while the discovery period was still open, the Court will deny as untimely Plaintiff's two motions for subpoenas and his motion to compel discovery.[1]

Next, as to Plaintiff's Motion for Entry of Default and his Motion for Default Judgment, the Court denies both motions because the Court has dismissed all Defendants in this matter except for Defendant Randy Teague, and Teague has appeared in the case and has filed a motion for summary judgment.

---

[1] Plaintiff filed a motion for discovery of medical records on August 15, 2012, which the Court denied because discovery had not commenced.

**IT IS, THEREFORE ORDERED** that Plaintiff's pending motions, (Doc. Nos. 40; 41; 42; 49; 51), are all **DENIED**.

Robert J. Conrad, Jr.
United States District Judge